IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY MYRE, #1788464,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1072-D-BK |
| | § | |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

On May 6, 2012, Petitioner was convicted of driving while intoxicated and was sentenced to 80 years' imprisonment. *State v. Myre*, No. 30519 (County Court at Law, Kaufman County, 2012), *aff'd* No. 05-12-00689-CR, 2013 WL 3811480 (Tex. App.—Dallas, Jul. 18, 2013, pet. ref'd); Doc. 1 at 2-3. The Texas Court of Criminal Appeals (TCCA) subsequently denied his state habeas application. *Ex Parte Myre*, No. WR-81,925-01 (Tex. Crim. App. May 13, 2015).[1]

---

[1] The docket sheet can be accessed at http://www.search.txcourts.gov/Case.aspx?cn=WR-81,925-01&coa=coscca (last visited Dec. 22, 2016).

On March 28, 2016, Petitioner filed the federal petition in this case, claiming the evidence was insufficient and counsel rendered ineffective assistance of counsel.[2]  Doc. 1 at 6. As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.[3]  Doc. 15; Doc. 18.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Petitioner's conviction became final on April 15, 2014 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on January 15, 2014.[4]  *See* Sup. Ct. R. 13(1) and (3); *Clay v. United States*,

---

[2] The federal petition was initially filed in the United States District Court for the Eastern District of Texas and then transferred to this court.  Doc. 7.  Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing.  Here, although Petitioner signed his petition on December 24, 2015, he failed to certify the date on which he placed the petition in the prison mailing system.  Doc. 1 at 8.  Therefore, absent additional information, the Court is bound by the filing date of March 28, 2016.

[3] The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

[4] The docket sheet for the petition for discretionary review before the TCCA can be accessed at http://www.search.txcourts.gov/Case.aspx?cn=PD-1264-13&coa=coscca (last visited Jan. 6, 2017).s

537 U.S. 522, 528 n. 3 (2003).  Thus, as of the filing of his state habeas application on June 23, 2014, 69 days of the one-year limitations period had elapsed.  The state application remained pending until its denial on May 13, 2015, statutorily tolling the one-year limitations period.  28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application).  However, the one-year period started to run again the next day, on May 14, 2015, and expired 296 days later on March 7, 2016 (extended from Saturday March 5, 2016).  The federal petition was filed on March 28, 2016.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable.  Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.  Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

*Equitable Tolling and Illness*

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, he delayed 69 days after his conviction became final, before he filed his state habeas application. Petitioner also did not promptly file this federal petition, waiting instead over ten months after the denial of his state habeas application on May 13, 2015, before doing so. And while the federal petition indicates Petitioner completed and signed it on December 24, 2015, with more than two months remaining on the limitations period, he has offered no explanation of why it was post-marked three months later on March 25, 2016. Doc. 1 at 8, 48; *see also* Doc. 18 at 1. Such unexplained delays do not exemplify due diligence.

Moreover, Petitioner has failed to meet his burden of showing rare and exceptional circumstances warranting equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling). He complains generally that he endured a stroke in July 2015, for which he was hospitalized for a couple of days (at least from July 29 until August 1, 2015), and that he has "not fully recovered." Doc. 15 at 1-2; Doc. 18 at 2-3; Doc. 22 at 1. In support, Petitioner avers that he has lost part of his left side and part of his memory. Doc. 15 at 1-2. He maintains he still drags one foot, must use a walker, and has experienced "very slow memory coming back." Doc. 22 at 1; *see also* Doc. 18 at 2-3, 4. However, unsupported, conclusory assertions of lingering side effects from the July 2015 stroke are insufficient to support equitable tolling. *See Smith v. Kelly,* 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam) (conclusory assertion of mental illness did not justify equitable tolling). Notably, Petitioner does not allege that as a result of the stroke and memory loss he "simply [could not] pursue his legal rights during [the relevant time] period." *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir.1999)); *see also Hulsey v. Thaler,* 421

F. App'x 386, 391 (5th Cir. 2011) (per curiam) (equitable tolling not warranted where petitioner was stable and capable of filing a petition for a period of over one year).  Indeed, that the petition was purportedly signed by Petitioner on December 24, 2015, tends to refute any suggestion of the same.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); Turner v. Johnson, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

SIGNED January 9, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE